IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TERESA ESPARZA,                                Case 6:12-cv-925-AA
                                               OPINION AND ORDER
       Plaintiff,

  vs.

HILLARY CLINTON, United States
Secretary of State; S. TERESA
BOBOTEK, Regional Director of the
Seattle Passport Agency, United
States Department of State,

       Defendants.
_____

Gwynne Skinner
Attorney At Law
Joseph Elwood, Court Certified Intern
Willamette University Law Clinic
245 Winter Street SE
Salem, Oregon 97301
    Attorneys for plaintiff

Stuart F. Delery
Acting Assistant Attorney General
Samuel Go
Office of Immigration Litigation
Stacey Young
Trial Attorney
Department of Justice

Page 1 - OPINION AND ORDER

Office of Immigration Litigation
District Court Section
PO Box 868, Ben Franklin Station
Washington DC, 20044
    Attorneys for defendants

AIKEN, Chief Judge:

## BACKGROUND

The Department of State denied plaintiff's application for a passport on the ground that she provided inadequate evidence to establish her identity. Plaintiff filed a complaint against Secretary Clinton, the head of the Department of State, pursuant to 8 U.S.C. § 1503. Plaintiff also alleges that denial of a passport triggers a cause of action under the Mandamus Act, 28 U.S.C. § 1361; the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, et seq.; the Declaratory Judgment Act, 28 U.S.C. § 2201; the All Writs Act, 28 U.S.C. § 1651, and the Equal Access to Justice Act, 5 U.S.C. § 504. Plaintiff also named S. Teresa Bobotek, the Regional Director of the Seattle, Washington Passport Agency.

## STANDARDS

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges a court's subject matter jurisdiction over the action. Federal courts are of limited jurisdiction and a motion to dismiss must be granted it if "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Zimmerman v. City of Oakland, 255

Page 2 - OPINION AND ORDER

F.3d 734, 737 (9th Cir. 2001)(internal quotation omitted).

DISCUSSION

Plaintiff does not oppose defendants' motion to dismiss regarding her claims pursuant to the Mandamus Act, the All Writs Act, and the Equal Access to Justice Act. Therefore, those claims are dismissed. Further, plaintiff does not oppose the dismissal of defendant S. Teresa Bobotek, therefore she is dismissed from this lawsuit.

At issue remains plaintiff's claims for Declaratory Judgment and her claim pursuant to the APA. Defendants argue the plaintiff's claim pursuant to the Declaratory Judgment Act should be dismissed because it is not a jurisdictional statute. While true that the Declaratory Judgment Act does not create an independent basis for jurisdiction, it does provide the court with subject matter jurisdiction where jurisdiction already exists. Gritchen v. Collier, 254 F.3d 807, 811 (9th Cir. 2001)("The Declaratory Judgment Act . . . applies only if federal jurisdiction independently exists"). There is no dispute that 8 U.S.C. § 1503 provides this court with jurisdiction over this lawsuit. Therefore, it is appropriate for this court to consider plaintiff's remedy under the Declaratory Judgment Act. Defendants' motion to dismiss is denied as to plaintiff's claim for Declaratory Judgment.

Defendants also move to dismiss plaintiff's claim pursuant

Page 3 - OPINION AND ORDER

to the APA.  Plaintiff argues that because 8 U.S.C. § 1503 can only provide her with a declaration of citizenship, her claim challenging the Department of State's denial of her passport application is appropriate under the APA.  The APA however, provides for judicial review only where a plaintiff has "no other adequate remedy in a court."  5 U.S.C. § 704.  Under § 1503, a person who "claims a right or privilege as a national of the United States and is denied such right or privilege" may institute an action under the Act. That "right or privilege as a national of the United States," a passport as sought by plaintiff here, is exactly the relief provided for by 8 U.S.C. § 1503. Hassan v. Holder 793 F.Supp.2d 440, 445-46 (D.D.C. 2011)(section 1503(a) provides an adequate remedy to address plaintiff's claim to a passport, and thus any claim brought pursuant to the APA would be dismissed).  Defendants' motion to dismiss plaintiff's claim pursuant to the APA is granted.

## CONCLUSION

Defendants' motion to dismiss (doc. 13) is granted in part and denied in part as follows: the motion is granted as to plaintiff's claims under the Mandamus Act, the Administrative Procedures Act, the All Writs Act, and the Equal Access to Justice Act.  Defendants' motion is also granted dismissing defendant S. Teresa Bobotek, Regional Director of the Seattle Passport Agency, from this lawsuit.  Defendants' motion is denied

Page 4 - OPINION AND ORDER

as to plaintiff's claim for Declaratory Judgment.

IT IS SO ORDERED.

Dated this 21 day of December 2012.

/s/ Ann Aiken
Ann Aiken
United States District Judge

Page 5 - OPINION AND ORDER